

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 2, 1994

Honorable Walt Sears, Jr.
Franklin County Attorney
P.O. Box 374
Mount Vernon, Texas 75457

Opinion No. DM-307

Re:   Whether House Bill 859, Acts 1992,
73d Leg., ch. 473 (now codified at
V.T.C.S. art. 1446h), which requires a
public utility to keep portion of its customer
records confidential under certain circum-
stances, is applicable to the Franklin County
Water District    (RQ-619)

Dear Mr. Sears:

You have requested an opinion from this office regarding the construction of
House Bill 859, Acts 1993, 73d Leg., ch. 473 (now codified at V.T.C.S. art. 1446h). In
particular, you ask whether the Franklin County Water District is subject to House Bill
859. You also ask whether there are any criminal penalties for violating House Bill 859.

With some exceptions not relevant here, House Bill 859 prohibits a "government-
operated utility" from disclosing a customer's address, telephone number, or social
security number if the customer requests that this information be kept confidential. The
act defines a "government-operated utility" as an entity that:

(A) is a governmental body or is governed by a governmental
body, as defined by Section 2(1), Chapter 424, Acts of the 63rd
Legislature, Regular Session, 1973 (Article 6252-17a, Vernon's
Texas Civil Statutes[1]); and

(B) provides water, wastewater, sewer, gas, garbage, electricity,
or drainage service for compensation.

V.T.C.S. art. 1446h, § 1(1) (footnote added).

---

[1]The legislature repealed article 6252-17a, V.T.C.S., in 1993. *See* Acts 1993, 73d Leg., ch. 268,
§ 46(i), at 587, 988. The material in that article, the Texas Open Records Act, is now codified as chapter
552 of the Government Code. *See id*, § 1, at 599.

You concede that the Franklin County Water District is a governmental body subject to the Open Records Act. You also explain that the district is a water conservation and reclamation district responsible for maintaining Lake Cypress Springs. For an annual permit fee, the district allows persons who own property adjacent to the lake to remove lake water for irrigation or other on-site purposes other than human consumption. The water is not potable. Currently, the fee is $25 regardless of how much water is taken from the lake, and the district does not provide any equipment, labor, advice, or instructions for removing the water.

We conclude that the Franklin County Water District is subject to House Bill 859. Construing House Bill 859 to cover the Franklin County Water District is consistent with the plain meaning of the statute. See McCulloch v. Fox & Jacobs, Inc., 696 S.W.2d 918, 921 (Tex. App.--Dallas 1985, writ ref'd n.r.e.) (concluding that words should be given their plain meaning when statute is clear and unambiguous). To provide water can mean to make water available. See WEBSTER'S COLLEGIATE DICTIONARY 940 (10th ed. 1993) (defining "provide"). The Franklin County Water District makes the lake water available to the owners of land adjoining the lake for compensation of $25 a year. Nothing in the language or the statutory history of House Bill 859 indicates that making water available, rather than supplying it using government equipment and labor, is insufficient to bring a governmental body within the coverage of House Bill 859.

In addition, construing House Bill 859 to cover the Franklin County Water District is consistent with the purpose of the act. The bill analysis regarding House Bill 859 indicates that before it was passed the Open Records Act required publicly-owned utilities to release the home address and telephone number of a customer even if the customer did not want the information released. As a result, customers who were being harassed or threatened could not escape the harassment or threats by changing phone numbers or addresses. The purpose of the act is to correct this unintended result of the Open Records Act. This purpose is served equally well by requiring the Franklin County Water District to keep addresses and telephone numbers confidential as by requiring a more conventional publicly-owned utility to keep the same information confidential.[2] Accordingly, if the Franklin County Water District maintains records that include addresses, telephone numbers, or social security numbers for the individuals who have permits to remove water from Lake Cypress Springs, then the district must keep this information confidential at the request of the individual.

In regard to your second question, House Bill 859 does not itself contain any criminal penalties. As you point out, the title to the act refers to "providing a criminal

---

[2]We do not mean to suggest, however, that the Franklin County Water District or other similar entities would be government-operated utilities for the purpose of any statute other than House Bill 859. Our opinion here is limited to interpreting House Bill 859.

penalty." However, the legislative history of the act indicates that this reference is an error. As introduced, the bill contained a section making a violation of the act a class C misdemeanor. This section was deleted in the committee substitute for the original bill. *See* House Comm. on State Affairs, Bill Analysis, H.B. 859, 73d Leg. (1993). We believe that the committee merely forgot to amend the title of the bill to conform to the amendments in the body of the bill.

On the other hand, an entity that violates House Bill 859 may be subject to criminal penalties under section 552.352 of the Government Code. Section 552.352(a) provides "[a] person commits an offense if the person distributes information considered confidential under the terms of this chapter." Information made confidential by another statute is also considered confidential under the Open Records Act. *See* Gov't Code § 552.101; Open Records Decision No. 490 (1988) at 4. Distributing confidential information is a misdemeanor and official misconduct. Gov't Code § 552.352(b), (c).

## S U M M A R Y

The Franklin County Water District is subject to the requirements of House Bill 859, Acts 1993, 73d Leg., ch. 473 (now codified at V.T.C.S. art. 1446h), because it permits persons who own land adjacent to Lake Cypress Springs to remove water for an annual fee of $25. Construing House Bill 856 to encompass the Franklin County Water District is consistent with the plain meaning of the statutory language and with the purpose of the bill.

House Bill 856 does not itself impose any criminal penalties for violating its provisions. However, an entity that violates House Bill 859 may be subject to criminal penalties under the Open Records Act, section 552.352 of the Government Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General